IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

SIGNOR LUCAS, Jr.                *

   *Plaintiff*,                    *

v.                               *   Civil Action No. RDB-18-0888

MOORE TRANSPORT OF TULSA, LLC,   *

   *Defendant*.                    *

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

Plaintiff Signor Lucas, Jr., proceeding *pro se*, initiated this action against his prior employer, Defendant Moore Transport of Tulsa, LLC[1] alleging wrongful termination and defamation. Initially filed in the Circuit Court of Baltimore City, this case was removed by the Defendant to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1.) Defendant subsequently filed the now-pending Motion to Dismiss (ECF No. 13). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, Defendant's Motion to Dismiss (ECF No. 13) is GRANTED.

## **BACKGROUND**[2]

Mr. Lucas worked as a driver for Moore Transport from September 2013 to March 31, 2015, when Moore Transport terminated his employment. (ECF No. 2 at 1.) Plaintiff

---

[1] Moore Transport of Tulsa, LLC is organized under the laws of Oklahoma and maintains its principal place of business in Texas. (ECF No. 1 at ¶ 9.)
[2] At the motion to dismiss stage, the court must "accept as true all of the well-pleaded allegations and view the complaint in the light most favorable to the non-moving party." *LeSueur–Richmond Slate Corp. v. Fehrer,* 666 F.3d 261, 264 (4th Cir. 2012).

1

filed suit on or about February 6, 2018. (*Id.*) His Complaint asserts two claims. First, he claims that Moore Transport wrongfully terminated his employment when it told him he was fired for driving "beyond the 14 hour limit," despite the fact that the "log" showed he "had only worked a little over 12 hours." (*Id.* at 1.) Second, he alleges that Moore Transport has defamed him by continuing to report "that [he] had an accident in which [he] rear ended someone" even though Moore Transport has no evidence of such an accident "while [he] was working for them." (*Id.* at 2.) Plaintiff contends that this reporting has "cause[d] permanent damage to [his] reputation." (*Id.*) As a result, Plaintiff seeks to recover over $80,000 in damages for back pay, vacation pay, unemployment, "down payment lost," and lost wages, plus $1,500,000 in punitive damages. (*Id.* at 1.)

The Defendant removed the action to this Court on March 27, 2018 (ECF No. 1), and subsequently filed a Motion to Dismiss (ECF No. 13). Plaintiff, proceeding *pro se*, has filed a Response (ECF No. 16) and has – without leave – filed a Surreply (ECF No. 18).

## STANDARD OF REVIEW

As a general matter, when a litigant proceeds *pro se*, their filings should be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).

The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A complaint therefore cannot rely upon "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, and courts are "not bound to accept as true a legal conclusion couched as a factual allegation," *id.* (quoting *Twombly*, 550 U.S. at 555). The court also need not accept "unwarranted" or "unreasonable" inferences, conclusions, or arguments. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Determining whether a plaintiff has stated a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

A motion to dismiss under Rule 12(b)(6) "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred," unless "facts sufficient to rule on an affirmative defense are alleged in the complaint." *Goodman v.*

*Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *accord Pressley v. Tupperware Long Term Disability Plan*, 533 F.3d 334, 336 (4th Cir. 2009).

## DISCUSSION

Sitting in diversity jurisdiction, this Court must look to the choice of law rules of the forum state, Maryland, to identify the governing substantive law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 496, 61 S. Ct. 1020, 85 L.Ed. 1477 (1941); *ITCO Corp. v. Michelin Tire Corp., Commercial Div.,* 722 F.2d 42, 49 n. 11 (4th Cir. 1983), *cert. denied,* 469 U.S. 1215, 105 S. Ct. 1191, 84 L.Ed.2d 337 (1985). "For tort claims, Maryland generally adheres to the *lex loci delicti commissi,* or place of harm, principle to determine the applicable state's substantive law." *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 696 (D. Md. 2011) (citing *Hauch v. Connor,* 295 Md. 120, 123–24, 453 A.2d 1207 (1983)). Where the events occur in multiple states, Maryland courts "apply the law of the State where the injury – the last event required to constitute the tort – occurred." *Lab. Corp. of Am. v. Hood,* 395 Md. 608, 615, 911 A.2d 841 (2006) (citing cases). In this case, the parties do not dispute that Maryland law governs both claims.

### I. Wrongful Termination

Under Maryland law, an employment relationship that is not governed by an employment contract is "at-will," which means that either the employer or employee may terminate it at any time, for almost any reason or for no reason at all. *Adler v. Am. Standard Corp.*, 432 A.2d 464, 467 (Md. 1981); *Page v. Carolina Coach Co.*, 667 F.2d 1156, 1158 (4th Cir. 1982) (applying Maryland law). Even when an employment contract does exist, the relationship is presumptively at-will when the contract is silent as to the length of time the

contract will exist. *Adler*, 432 A.2d at 467; *see also Porterfield v. Mascari II, Inc.*, 823 A.2d 590, 601–02 (Md. 2003).[3] Maryland law recognizes wrongful termination, or wrongful discharge, as a common law exception to the at-will doctrine. The Maryland Court of Appeals has held that "to establish wrongful discharge, [1] the employee must be discharged, [2] the basis for the employee's discharge must violate some clear mandate of public policy, and [3] there must be a nexus between the employee's conduct and the employer's decision to fire the employee." *Wholey v. Sears Roebuck*, 370 Md. 38, 50–51, 803 A.2d 482, 489 (2002).

In terms of the second requirement, an employee "must demonstrate the policy in question with clarity, specificity and authority." *Bagwell v. Peninsula Reg'l Med. Ctr.*, 665 A.2d 297, 309 (Md. Ct. Spec. App. 1995). More specifically, Maryland courts have identified two types of employer actions that constitute a wrongful discharge: "(1) [the] employee has been fired for refusing to violate the law or the legal rights of a third party, and (2) where [the] employee has been fired for exercising a specific legal right or duty." *Milton v. IIT Research Inst.*, 138 F.3d 519, 522 (4th Cir. 1998) (quoting *Thompson v. Memorial Hosp. at Easton,* 925 F. Supp. 400, 406 (D. Md. 1996)).

In this case, the Plaintiff makes no allegation that a contract existed. Rather, he complains that the Defendant wrongfully terminated his at-will employment when it told him he was fired for working beyond the 14-hour limit when the records reflected that he only worked "a little over 12 hours." (ECF No. 2 at 1.) Under the second element of wrongful discharge, Plaintiff must show that the termination "violate[s] some clear mandate of public policy." *Wholey*, 370 Md. at 51. Mr. Lucas' Complaint, even construed in the most

---

[3] This presumption may be overcome if the contract requires that any termination by the employer be made for "just cause." *E.g. Towson Univ. v. Conte*, 384 Md. 68, 79-80, 862 A.2d 941, 947 (Md. 2004).

5

favorable light, fails to "demonstrate the policy in question with clarity, specificity and authority." *Bagwell,* 665 A.2d at 309. Additionally, the work-hour limitation rationale does not present a case where the Plaintiff was terminated for either "refusing to violate the law" or "exercising a specific legal right." *Milton,* 138 F.3d at 522. The same is true even if the Defendant were mistaken as to whether the records reflected that Plaintiff exceeded 12, rather than 14 hours of work. Furthermore, Plaintiff has not alleged the work-hour limitation rationale was pretextual in any way.[4] This Court simply cannot stretch the allegations in Mr. Lucas' *pro se* Complaint to make out a plausible claim to relief under the wrongful discharge exception to at-will employment. Accordingly, this claim will be DISMISSED.

**II.  Defamation**

This Court now turns to Plaintiff's second claim, which he characterizes as his "biggest complaint." (ECF No. 2 at 2.) In order to make out a prima facie case of defamation under Maryland law, a plaintiff must show that "(1) the defendant made a defamatory statement to a third person (a requirement known as publication); (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff thereby suffered harm." *Doe v. Johns Hopkins Health Sys. Corp.,* 274 F. Supp. 3d 355, 365 (D. Md. 2017) (citing *Gohari v. Darvish*, 363 Md. 42, 767 A.2d 321, 327 (2001)).

---

[4] In his Response, Mr. Lucas adds a factual allegation that he has logs showing Defendant's reasons for termination "are not exactly accurate." (ECF No. 16 at 1.) Even if the Court were to accept this additional allegation as an amendment to the Complaint, this fact does not advance his claim of wrongful termination. In Plaintiff's Surreply, which was filed without leave, *see* Local Rule 105.2(a) (D. Md. 2016), Plaintiff asserts yet another allegation: that one of the Defendant's employees "illegally inserted information into [his] logs." (ECF No. 18 at 1.) Even if the Court were to accept this tardy allegation, the assertion leaves open to pure speculation what information was entered into the logs and it does not change this Court's conclusion that Plaintiff has failed to state a plausible claim of wrongful termination.

Defamation claims in Maryland have a one-year statute of limitations. *See* Md. Code Ann., Cts. & Jud. Proc., § 5-105.

Defendant argues that Plaintiff has failed to allege "who, what, when, or where of this alleged defamation." (Def.'s Reply, ECF No. 17 at 2 (internal quotations omitted).) The Defendant therefore contends that the claim is barred by the one-year statute of limitations. The Defendant also argues that, without such facts, the company is "prejudiced from investigating or raising statutory and common law privileges," such as certain communications between former and prospective employers. (ECF No. 13-1 at 6.)

### A. Statute of Limitations

A court may resolve a statute of limitations defense at the motion to dismiss stage only if "all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" *Goodman*, 494 F.3d at 464 (quoting *Fredericksburg & Potomac R.R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)). The Complaint in this case alleges that the Defendant "w[as] and still [is] reporting that [the Plaintiff] had an accident in which [he] rear ended someone." (ECF No. 2 at 2.) While this statement is admittedly vague as to the exact dates of the statements, the *pro se* Complaint itself alleges that the statements are "still" being made to this day. This Court therefore cannot say that facts sufficient to establish a statute of limitations defense "clearly appear on the face of the complaint." *Goodman*, 494 F.3d at 464.

### B. Substantive Elements of Defamation

Under Rule 12(b)(6), it would be premature for this Court to consider the question of "prejudice" to the Defendant's ability to raise specific defenses, so this Court will focus on Defendant's arguments as a challenge to the sufficiency of the Complaint in alleging the first

three elements of a defamation claim. Plaintiff's Complaint does not even make it past the first element.

Under the first element, known as "publication," a plaintiff must establish that the alleged defamatory words were "seen or heard by some person other than the plaintiff and defendant." *Great Atl. & Pac. Tea Co. v. Paul*, 256 Md. 643, 648, 261 A.2d 731, 734–35 (1970). The Complaint merely states that the Defendant is "reporting that [the Plaintiff] had an accident in which [he] rear ended someone." (ECF No. 2 at 2.) The Complaint does not identify who made the alleged statements, to whom the statements were made, or the approximate dates on which the statements were communicated.[5] Plaintiff appears to suspect that someone in his "field of occupation" received such a report because he has had trouble "finding jobs." (*Id.*) At best, these vague allegations are merely "merely consistent with" publication, which is insufficient to state a plausible claim to relief. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). Even the alleged conversation in which two employees "told [Mr. Lucas] they would look into the situation and correct any false reporting" does not give rise to an inference "any false reporting" existed to begin with. (ECF No. 2 at 2.) Unlike in *Doe v. Johns Hopkins Health System Corporation*, in which Judge Theodore D. Chuang of this Court excused a plaintiff's failure to identify the exact employee making the statement when the complaint "allege[d] to whom the statement was published, approximately when the statement was made, the content of the statement . . . ," and an apparent retaliatory "effort to discredit [the plaintiff]," 274 F. Supp. 3d at 368-89, Mr. Lucas fails to allege similar

---

[5] That Plaintiff's broad allegation of continued defamatory statements forecloses Defendant's facial statute of limitations challenge does not automatically fulfill Plaintiff's own obligation to affirmatively allege sufficient facts to state a plausible claim of defamation. The Plaintiff's level of specificity as to timing is but one factor relevant to analyzing whether Plaintiff's claim is plausible.

additional circumstances such that it is not plausible to infer that Moore Transport ever made the alleged statement. Plaintiff's failure to plausibly fulfill this first element warrants dismissal of the claim.[6]

Even if the Court were to consider the second and third elements, the Complaint again fails to make out a plausible claim. Specifically, fulfillment of these two elements rests on Plaintiff's allegation that the report of an accident was "false," a conclusory label this Court need not accept as true – especially when the Plaintiff never once avers that the accident did not occur. While this Court must credit the allegation that the Defendant did not have "evidence or any kind of report" concerning the accident, the absence of corroboration in the Defendant's records is "merely consistent with" the alleged statements being false. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557). The Complaint therefore fails to plausibly establish that the second and third elements of his defamation claim are met. Accordingly, the Plaintiff's defamation claim is DISMISSED.

## **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 13) is GRANTED. This case will therefore be DISMISSED.

A separate Order follows.


DATE: August 24, 2018                 ____/s/_____
                                      Richard D. Bennett
                                      United States District Judge

---

[6] Even if this Court were to treat Plaintiff's Surreply (ECF No 18) as a second amendment to his Complaint, the allegation that Defendant continues to report the accident "to prospective employers" (*id.* at 1) – without naming a single entity or individual – retains the same conclusory, vague character of his earlier implied assertion and lacks sufficient "factual enhancement" to cross the "line between possibility and plausibility." *Iqbal*, 556 U.S. at 678.